

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2002

# USA v. Soto

Precedential or Non-Precedential:

Docket 01-2781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Soto" (2002). *2002 Decisions.* Paper 215.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/215

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2781
_____


UNITED STATES OF AMERICA

v.
OCALIN SOTO,
a/k/a OSCALINE RAMOS,
a/k/a OSCALIN SOTO,
a/k/a OSCALINE SOTO,
a/k/a JUAN SUAZ,
a/k/a MANDRO


Ocalin Soto,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 00-cr-00037
(Honorable Sean J. McLaughlin)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2002

Before:  SCIRICA and COWEN, Circuit Judges, and
RESTANI, Judge, United States Court of International Trade*


     *The Honorable Jane A. Restani, Judge, United States Court of International Trade,
sitting by designation.

(Filed    March 26, 2002)

_____


OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

     This is an appeal from a judgment of conviction and sentence in the United States
District Court for the Western District of Pennsylvania.  On September 4, 1997, Ocalin
Soto was deported from the United States because of an aggravated felony conviction.
On November 30, 2000, Soto was again discovered in the United States and arrested.
Soto pled guilty to unlawful reentry after deportation in violation of 8 U.S.C.  1326.  On
appeal, Soto contends the District Court erred in increasing the statutory maximum
penalty based upon a prior conviction for an aggravated felony.  We will affirm.
                              I.
     Under 8 U.S.C.  1326 (b)(2), aliens that have been deported and later found in the

United States "whose removal was subsequent to a conviction for commission of an aggravated felony . . . shall be fined under such Title, imprisoned not more than 20 years, or both." Based upon a total offense level of 21 and a criminal history category of III, Soto's guideline range was set at 46-57 months. The District Court sentenced him to a 46 month term of imprisonment and a three year term of supervised release. Soto contends his prior aggravated felony conviction should not have been used to enhance his sentence because it was not charged in the indictment or proven beyond a reasonable doubt. Nonetheless, Soto acknowledges the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Almendarez-Torres v. United States, 523 U.S. 224 (1998) foreclose his position.

In Almendarez-Torres, the Supreme Court ruled that Congress' inclusion of the aggravated felony provision in 8 U.S.C.  1326 (b)(2) reflected only its "inten[t] to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense." 523 U.S. at 235. The Court expressly refused to view the "aggravated felony" provision as an element of the offense, stating, "to hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as going to the punishment only." Id. at 244 (citation and quotation omitted). The ruling in Almendarez-Torres, was explicitly preserved in Apprendi, where the Court ruled that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. As a result, Soto's arguments are meritless.

                                        II.
     The judgment and sentence of the District Court will be affirmed.

TO THE CLERK:

        Please file the foregoing opinion.



                         /s/ Anthony J. Scirica
                              Circuit Judge


DATED: March 26, 2002